Filed 10/8/13  Ansari v. Khan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HASHIM ANSARI,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ABDUL KALIQ KHAN,<br><br>Defendant and Appellant. | B241519<br><br>(Los Angeles County<br>Super. Ct. No. YS022930) |

APPEAL from an order of the Superior Court of Los Angeles County, Irving Shimer, Judge.  (Retired judge of the L. A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Franklin P. Jeffries for Defendant and Appellant.

Law Offices of Omer Rangoonwala and Omer Rangoonwala for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, Abdul Kaliq Khan, appeals from a Code of Civil Procedure section 527.6 civil harassment restraining order. [1] The restraining order was secured by plaintiff, Hashim Ansari. Defendant was ordered to stay away from plaintiff and the Inglewood Jamat-e-Masjid-ul Islam (the mosque). Mr. Ansari is the mosque's prayer and religious leader. The trial court granted plaintiff's petition. Defendant contends the trial court erred by not hearing testimony from witnesses considering hearsay and extending the scope of the restraining order to the mosque. We affirm the order.

# II. BACKGROUND

## A. Restraining Order Petition And Allegations

Plaintiff is the mosque's imam. Plaintiff's verified injunctive relief request filed October 21, 2011, states the following. Defendant was a former member of the mosque. Defendant had assaulted, threatened, and harassed plaintiff. Defendant published false and defamatory statements against plaintiff and the mosque's board members. Defendant had disturbed the mosque's congregation by using loud, profane discourse, rude and indecent behavior and unnecessary noise.

Defendant left defamatory flyers on cars in the parking lot defaming plaintiff. On April 25, 2010, during a board meeting at the mosque, defendant entered uninvited. Defendant shouted threats against plaintiff and the board members, including getting a gun to kill them. Defendant stated he would remove the board members from the mosque and was unafraid of the police. Defendant made aggressive moves towards plaintiff and another board member. Later that afternoon, defendant and three other people walked past plaintiff's house. They walked by to see if plaintiff lived there.

---

[1] All further statutory references are to the Code of Civil Procedure.

Defendant had previously accused plaintiff of stealing the mosque's funds. The board reviewed the allegations and determined there was no evidence to support defendant's claims. Defendant continued to harass the board and plaintiff afterwards. In October 2010, the board's counsel sent defendant a cease-and-desist letter to informally resolve the matter. On September 12, 2011, defendant came to the mosque and threatened people with his cane. Defendant was angry and looking for plaintiff. Several board members witnessed this incident. The police were called. The police advised the mosque leadership that a temporary restraining order be sought against defendant. Plaintiff concluded all other means of resolving this issue were exhausted.

On October 21, 2011, plaintiff filed a request for an order to stop harassment. Plaintiff submitted in support his verified restraining order request: an Inglewood police report regarding the September 12, 2011 incident; an April 26, 2010 letter to the court signed by several members of the mosque stating they witnessed defendant's harassment against plaintiff; an October 26, 2010 letter from plaintiff's and the mosque's attorney, Omer Rangoonwala, to defendant; Mr. Rangoonwala's October 26, 2010 letter requested defendant cease and desist from future harassment; and defendant's flyers accusing plaintiff and the board of stealing from the mosque.

## B. Answer To Request For Order To Stop Harassment

On November 10, 2011, defendant filed a verified answer to plaintiff's request for orders to stop harassment. Defendant denied threatening any board members with his cane. Defendant denied looking for plaintiff on September 12, 2011. Defendant argued a security camera recorded the incident. Defendant denied threatening plaintiff or anyone else at the mosque with a gun. Defendant stated, "The reason for the petition is to get me out of the [mosque] because I have reported and publicized stealing and other malfeasance . . . ."

## C. Civil Harassment Petition Hearing And Order

On March 15, 2012, the hearing was held regarding plaintiff's request to stop defendant's harassment. No witnesses testified. No request to call any witnesses was made. Defense counsel made a limited offer of proof about defendant's long service as a member of the mosque. Additionally, defense counsel referred to witnesses who were present. Those witnesses would testify as to plaintiff's belief that defendant had been stealing. Plaintiff's request for a civil harassment restraining order was granted. No objection was interposed when the trial court ruled even though no witnesses testified.

On March 22, 2012, the trial court issued its written order. Defendant was ordered to: not harass, intimidate, assault, or threaten plaintiff; not contact plaintiff directly or indirectly; not take any action to obtain plaintiff's address or location; and stay at least 100 yards away from the mosque and plaintiff. The order specifies no expiration date, meaning it expires three years from the date of issuance. (§ 527.6, subd. (j)(2).) Plaintiff subsequently appealed the order under section 904.1, subdivision (a)(6).

## III. DISCUSSION

### A. Overview

Defendant argues the trial court erred by not taking oral testimony during the hearing and admitting hearsay. Defendant also contends plaintiff did not have standing to bring the section 527.6 request on the mosque's behalf. We disagree.

### B. Section 527.6 Requirements

Section 527.6, subdivision (a)(1), provides, "A person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an injunction prohibiting harassment as provided in this section." Section 527.6, subdivision

4

(b)(3) provides: "'Harassment' is unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." Section 527.6, subdivision (b)(6) states: "'Temporary restraining order' and 'injunction' mean orders that include any of the following restraining orders, whether issued ex parte or after notice and hearing: [¶] (A) An order enjoining a party from harassing, intimidating, molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, abusing, telephoning, including, but not limited to, making annoying telephone calls, as described in Section 653m of the Penal Code, destroying personal property, contacting, either directly or indirectly, by mail or otherwise, or coming within a specified distance of, or disturbing the peace of, the petitioner. [¶] (B) An order enjoining a party from specified behavior that the court determines is necessary to effectuate orders described in subparagraph (A)."

## C. No Evidentiary Error Occurred

Defendant contends the trial court erred by not taking oral testimony. Defense counsel referred to witnesses who could testify defendant had accused plaintiff of stealing. Defendant never requested that oral testimony be presented. Defendant never objected to the absence of oral testimony. An offer of proof was made but no request to call any witness was made by any litigant. Thus, the issue is not properly before us.

Defendant argued during the hearing that plaintiff's request for a restraining order was based on hearsay. As noted, plaintiff submitted: a cease and desist letter; the April 26, 2010 letter from several mosque members attesting they witnessed defendant's harassment of plaintiff; and flyers from defendant regarding plaintiff's alleged misconduct. There is no merit to defendant's hearsay contentions. The language of section 527.6, subdivision (i), allows a trial court to receive any testimony that is

5

relevant.  This provision authorizes a trial court to consider hearsay evidence.  (*Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 728-729; *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1085, fn. 5 [finding section 527.6 is statutory exception to general rule that a written declaration is hearsay].)  The trial court did not err by considering hearsay evidence.

D.  Plaintiff Had Standing To Request Restraining Order Which Includes The Mosque

Defendant also argued plaintiff lacked standing to request the restraining order which included the mosque.  Defendant relies on *Diamond View Limited v. Herz* (1986) 180 Cal.App.3d 612, 618.  In *Diamond View Limited v. Herz*, the Court of Appeal held section 527.6 did not protect partnerships, corporations, or associations, only natural persons.  (*Id.* at pp. 618-619.)  This contention has no merit.

Plaintiff filed the restraining order request for himself.  Plaintiff is a person within the meaning of section 527.6.  There is substantial evidence defendant harassed plaintiff.  Ordering defendant to stay away from the mosque furthered the goal of the restraining order.  Plaintiff is the mosque's imam.  (See § 527.6, subd. (b)(6)(B) [permitting court to enjoin party from specific behavior  to effectuate purpose of restraining order].)  By specifying the mosque, the trial court effectuated the restraining order's purpose—the protection of plaintiff who works at the mosque.

6

## IV.  DISPOSITION

The civil harassment restraining order is affirmed.  Plaintiff, Hashim Ansari, is awarded his appeal costs from defendant, Abdul Kaliq Khan.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


KUMAR, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.